HARRY TULLIS, Appellee, v. H. S. CHASE & COMPANY, Appellant.

Contracts of employment: DISCHARGE OF SERVANT: INSTRUCTIONS.
1   Where the terms of a contract for personal services are in dispute it is for the jury to determine what the terms in fact are. If the contract of employment in the instant case was as claimed by plaintiff, which the jury was authorized to find, the instruction as given relative to the right of defendant to discharge him before completion of the service was sufficient, and there was no error in refusing the requested instructions.

Same:   WEIGHT OF EVIDENCE. The greater number of witnesses in favor
2   of one party does not necessarily establish the weight of the evidence in his favor, as this is a question for the jury.

**Instructions:** MATTERS NOT IN ISSUE. The court is not required to instruct upon questions neither pleaded nor proven.

**Pleadings:** COUNTERCLAIM. The defendant in an action for personal services cannot recover a claimed over-payment unless he has pleaded the same as a counter-claim or asked affirmative relief: an answer containing an itemized statement merely of debits and credits is not sufficient.

*Appeal from Polk District Court.*—HON. LAWRENCE DE GRAFF, Judge.

SATURDAY, NOVEMBER 22, 1913.

THIS is an action for damages for breach of an alleged oral contract, by the terms of which defendant agreed to employ plaintiff for one year, at $45 per month, and in which contract it was further agreed that, as a part of the services to be performed by plaintiff, he should buy from defendant a motorcycle for $200, to be paid for in eight monthly installments of $25 each, and to use the same in making deliveries for defendant. Plaintiff alleges that defendant discharged him before the end of the year. Defendant alleges that plaintiff refused and neglected to use the motorcycle, or have the same repaired, according to the terms of his agreement, and that for this reason he was discharged. There was a jury trial, and a verdict and judgment for plaintiff for $100.72. Defendant appeals.—*Affirmed.*

*Brammer & Berryhill,* for appellant.

*Franklin & Miller,* for appellee.

PRESTON, J.—Defendant requested two instructions, as follows:

(1) The burden of proof is upon plaintiff, and before he can recover he must prove by a preponderance of the evi-

dence: First. That the contract set out in plaintiff's petition is the contract entered into on or about June 10, 1911, by and between plaintiff and defendant. Second. That the defendant discharged plaintiff without reasonable cause.

(2) The obligation of a servant to be diligent in the performance of his duties and to obey all lawful and reasonable commands of his master is implied from the contract of employment. If you find that plaintiff was guilty of negligence in the performance of his duties, and disobedient in carrying out the lawful and reasonable commands of his employer, plaintiff's discharge was not without reasonable cause, and you are instructed to find for the defendant.

They were refused. On the subject referred to in requested instruction No. 2, the court gave an instruction as follows:

(3) If you find from the evidence as hereinbefore instructed that the plaintiff was ready, able, and willing to perform the services necessary in pursuance of the terms and conditions of the contract between said plaintiff and defendant as determined by you, and that the defendant, without cause, discharged the plaintiff before the entire services were completed under the terms of the contract, this would not prevent the plaintiff from recovery, as the law forbids parties to enter into a legal contract from wantonly, and without cause, repudiating such contract to the injury and detriment of the other parties thereto. But, if you find that the plaintiff was not in good faith carrying out or attempting to carry out the said contract according to its terms and conditions, then and in that case the defendant would have a right to dispense with the services of the plaintiff, and terminate said contract.

Appellant contends that the refusal to give No. 2 asked by it, and giving No. 3, was error. There was a dispute as to the terms of the contract. Plaintiff claimed defendant

1. CONTRACTS OF EMPLOYMENT: discharge of servant: instructions.

was to pay for and keep up the repairs on the motorcycle, with which plaintiff was to deliver groceries, while defendant claimed plaintiff was to do this. Plaintiff claims the machine became out of repair, and that he could not use it;

that at the direction of the counterman, who, as we understand, was the one in charge of deliveries, plaintiff drove a wagon, instead of using the motorcycle. Plaintiff did drive a wagon the last week he worked for defendant. Plaintiff says he told the counterman the cycle was out of repair. Defendant claims plaintiff was lazy; but the president of defendant company testifies that he discharged plaintiff because plaintiff would not have the cycle repaired. The only neglect or disobedience charged was the failure of plaintiff to have the motor repaired. If the contract was as claimed by plaintiff, and it was for the jury to say, he was not required to repair the machine, and in that case a discharge on that ground would not be justified.

There is no material difference, we think, between the instructions asked and the one given, and, under the circumstances, we think the one given was all that was required.

While defendant has the greater number of witnesses as to the length of the term of employment, and its terms, and appears to us to have the preponderance, still

2. SAME: weight of evidence. it was for the jury to weigh the evidence and determine the controverted facts.

Defendant claimed, but the claim was denied by the plaintiff, that plaintiff was to take the place of, and assume the duties and obligations of, one Samuels in a written contract with defendant, which provided that defendant had the right to discharge if he "did not work to the interest of" defendant, or because "of little use," etc., and that the court should have instructed on this feature of the case. But the trouble with this contention is that defendant did not allege, nor did its witnesses testify, that this was the reason for the discharge.

Some of the other instructions are complained of. The substance of No. 1 is that it places the burden upon plaintiff to show that he performed the services, or was ready, able, and willing to perform the services, which he was to perform by the terms of the contract, as alleged by him, and that de-

fendant has not paid plaintiff for all said services, as provided by the terms of the contract, as alleged and claimed by him; that, if the jury fail to so find, then the verdict should be for defendant.

Defendant claimed that it had overpaid plaintiff, under the contract as it claimed it to be, and set out as part of its answer an itemized statement of debits and

**3. INSTRUCTIONS: matters not in issue.** credits, which plaintiff admitted to be correct. But defendant did not file a counterclaim or ask any affirmative relief against plaintiff.

Under instruction No. 1, before plaintiff could recover, he was required to establish the contract as he claimed it to be. This was in accord with instructions No. 1 asked by defendant. Defendant requested but two in-

**4. PLEADINGS: counterclaim.** structions; if any further was desired as to the affirmative matters relied upon by defendant, it should have requested further instructions on that point. *Harvester Co. v. Walker,* 138 Iowa, 638.

Instruction No. 4 is not in conflict with the others; this one deals with the question of damages, and plaintiff's duty to use efforts to obtain other employment, and to credit any such on his damages, if any. The latter part of this instruction also advised the jury, substantially, that, if plaintiff failed to perform the contract, and defendant was justified in discharging plaintiff, and plaintiff had been paid for services rendered, then plaintiff would not be entitled to recover the balance, and that in such case defendant should have the verdict. Plaintiff claimed a larger amount than that allowed by the jury. A verdict for a larger amount would have had support.

We would not be justified in interfering because of anything shown in the record, and the judgment is therefore *Affirmed.*

WEAVER, C. J., and LADD and EVANS, JJ., concur.